IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FORD MOTOR COMPANY, | ) | 8:03CV493 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONEY MAKERS AUTOMOTIVE SURPLUS, INC., MIDWEST MOTOR PARTS CO., and SAF AUTO PARTS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to set aside deadlines, Filing No. 115, and plaintiff's motion for summary judgment, Filing No. 110.  Plaintiff filed a complaint in this case contending that defendants are guilty of counterfeiting, trademark infringement, copyright infringement and unfair competition.  Filing No. 1.  Plaintiff alleges that defendants create labels and affix them to Ford parts.  Plaintiff contends that this is misleading to the public, as some of the parts are used, defective, returned or recovered. Plaintiff states that the packaging labels give the appearance that the parts are new. Defendants argue that no misleading or counterfeiting packaging is occurring.  The court has carefully reviewed the record, briefs in support and in opposition, the indices of evidence, and the relevant case law.  The court finds that the motion to set aside deadlines should be granted, and the motion for summary judgment should be denied.

**Motion to set aside deadlines**

On August 16, 2004, this court entered a supplemental order requiring that defendants stamp Ford parts with the inscription "Recovered Material." Filing No. 83. The

deadline for stamping these materials pursuant to the court's August 16, 2004 order was August 30, 2004. Prior to the August 30th date, defendants asked this court to reconsider its ruling. Filing No. 84. On October 29, 2004, the court denied the motion for reconsideration. Filing No. 102. Apparently, the plaintiffs then determined that defendants were out of time for compliance with the August 16, 2004, order. Consequently, plaintiff refused entry to defendants to permit stamping of the parts in question. Defendants have not yet complied with the court's August 16th order, as plaintiff will not permit them entry into the warehouse. However, not until January 2005 did the defendants notify the court of the problem, when they filed this motion to set aside deadlines. Unfortunately, the parties have bickered back and forth in this case from the moment it was filed. Both parties are at fault for failing to comply with the court's August 30, 2004 order. The parties are hereby advised that such behavior shall cease immediately. The motion to extend the deadlines shall be granted for 30 days. Plaintiff shall immediately allow the defendants to enter the premises and comply with this court's orders, defendants shall complete the marking process within thirty days of the date of this Order. Failure to totally comply with this order shall result in sanctions against one or both parties and/or attorneys.

**Motion for summary judgment**

Plaintiff asks this court to grant summary judgment in its favor. Filing No. 110. Plaintiff contends that defendants are liable for counterfeiting and copyrighting Ford parts. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists for trial when, in

2

viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The movant bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. *Id.* Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. *Id.* To successfully oppose the motion for summary judgment, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.*

Plaintiff contends that defendants are using Ford products, which defendants have allegedly re-labeled and repackaged and sold as new, and are representing these products in such a way as to confuse the public. *See* 15 U.S.C. § 1114. Defendants counter arguing that the goods seized by plaintiff are for the most part legitimate, and that the goods are not counterfeit. Defendants contend that there is no evidence to support plaintiff's counterfeiting claim. In short, defendants argue that there are numerous contested material facts that must be determined at trial. The court agrees. The evidence offered by the parties is clearly contradictory. The court cannot discern whether counterfeiting has occurred, whether inappropriate labeling has occurred, or whether instances of confusion have occurred. The evidence in that regard is conflicting. There

also appears to be an issue concerning whether "recovered materials" applies to defective as well as new parts. Consequently, the court shall deny plaintiff's motion for summary judgment.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion for summary judgment, Filing No. 110, is denied; and

2. Defendants' motion to set aside the deadlines, Filing No. 115, is granted as set forth herein.

DATED this 10th day of May, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE